8220

MARTIN v. COUNTY OF MARION.

Statutes—Constitutional Law—County Supervisor.—So much of the act of 1912, 27 Stats., 957, entitled, "An act to provide for the levy of taxes for county and State purposes for the fiscal year beginning January 1, 1912," as relates to the county supervisor of Marion county, his office and duties, is violative of section 17 of article III, in that these subjects are not referred to in the title of the act.

Before DeVore, J., Marion, April, 1912. Affirmed.

Claim of D. J. Martin, as supervisor of Marion county, for salary. The Circuit order reversing judgment of county commissioners, is:

"This case came before me on an appeal from a decision of the county board of commissioner for Marion county, disallowing thirty-four dollars and ninety-five cents of the account of D. J. Martin, as county supervisor, rendered against Marion county for salary for the month of March, 1912.

"It appears from the record in this case that D. J. Martin, the appellant, is county supervisor for Marion county, and as such, was entitled to a salary of one thousand dollars per annum, payable in monthly installments of eighty-three dollars and thirty-three cents; that upon his presenting his account against said county to the county board of commissioners, duly sworn to, the said board would approve same, and draw their warrant on the county treasurer for the sum due the county supervisor.

"It appears, further, that pursuing the usual course, the said county supervisor presented his account to the county board of commissioners for eighty-three dollars and thirty-three cents, the same representing the amount due him as salary for the month of March.

"It appears, further, that the said board of commissioners disallowed thirty-four dollars and ninety-five cents of the supervisor's salary upon the following grounds, which are endorsed on the back of the claim, to wit:

" 'The within account of $83.34 is approved to the extent of 18-31 or $48.39. It is disapproved and disallowed to the extent of 13-31 or $34.95 by reason of an act entitled "An act to provide for the levy of taxes for the fiscal year beginning January 1, 1912.    T. L. Mace, I. P. Stackhouse, County Commissioners.    April 2, 1912.'

"From this decision the said county supervisor duly appealed to this Court upon the following ground:

" 'That the act of the legislature upon which you (the county board of commissioners) base your decision, in so far as it undertakes to devolve the duties of the office of county supervisor for Marion county as they relate to roads, bridges and ferries upon the highway commission of said county, and in so far as said act undertakes to place the county supervisor of said county under the direction and control of said commission, and making his salary dependent upon his performing such duties as said commission may lay upon him, and in requiring said commission to pay his salary, and finally in undertaking to abolish said office, is in violation of section 17 of article III of the State Constitution of 1895, as said act relates to more than one subject, and nothing is said in the title of said act about the county supervisor for Marion county, his office, duties and compensation, and the said act is, therefore, unconstitutional, null and void.'

"I am of the opinion that this ground of appeal is well taken.   The title of the act is 'An act to provide for the levy of taxes for county and State purposes for the fiscal year beginning January 1, 1912.'   No mention is made in this title of the county supervisor for Marion county, his office, duties and compensation, yet the body of the act touches all of these subjects.   Its practical effect is to abolish the office now and place the supervisor under the direction and control of the highway commission for Marion county, requiring him to perform such duties as said commission may lay upon him, and making his compensation dependent upon his performing such duties as shall be laid upon him by said commission.

"I, therefore, hold that the act is unconstitutional, null and void in the particulars set out in said ground of appeal. In rendering this decision, it will be understood that I am only passing upon that portion of the act which has been assailed by appellant.

29—91

"The decision of the county board of commissioners is, therefore, reversed, and they are ordered to allow the claim of D. J. Martin for the full amount claimed."

The county appeals.

*Mr. M. C. Woods,* for appellant, cites: 74 S. C. 448.

*Mr. Jas. W. Johnson,* contra, cites: 68 S. C. 148; 75 S. C. 425; 80 S. C. 127.

May 30, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The facts of this case are stated in the Circuit decree. The case is controlled by the decision just rendered in the case of *George G. McKerall* v. *Road and Highway Commission of Marion County.*

The judgment of this Court is that the judgment of the Circuit Court be affirmed.